Stacey A. Campbell, #034137
CAMPBELL LITIGATION, P.C.
730 17th St., Suite 730
Denver, Colorado 80202
Tel: (303) 536-1833
Email: Stacey@Campbell-Litigation.com

**Attorneys for Defendant**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Shumway,<br><br>Plaintiff,<br><br>v.<br><br>AT&T Mobility LLC,<br><br>Defendant. | Case No.: 2:19-cv-05436-NVW<br><br>**DECLARATION OF DIANE F. SCHWANTES IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

I, Diane F. Schwantes, declare as follows:

1. I am submitting this Declaration in support of Defendant AT&T Mobility LLC's ("Defendant") Notice of Removal. I have reviewed all documents attached to this Declaration, and if called upon to testify as to them, I could and would do so truthfully and competently.

2. I am a Human Resources Business Partner II for AT&T Mobility Services LLC. In my position, I am familiar with, and have examined records detailing the 2013 Collective Bargaining Agreement, 2017 Collective Bargaining Agreement, and July 27, 2018 decision of the Labor Department of the Industrial Commission of Arizona, as described below.

3. Attached as **Exhibit A-1** is a true and correct copy of the 2013 collective bargaining agreement ("2013 CBA") applicable to the Plaintiff in this lawsuit, Ryan

**EXHIBIT A**

1  Shumway. By agreement of AT&T and the Communications Workers of America
2  ("CWA"), the 2013 CBA applied in 2017 while AT&T and the CBA were negotiating a
3  new collective bargaining agreement.

4      4. Attached as **Exhibit A-2** is a true and correct copy of the 2017 collective
5  bargaining agreement ("2017 CBA"), which is the successor collective bargaining
6  agreement to the 2013 CBA. The effective dates of the 2017 CBA are February 12, 2017
7  through February 12, 2021.

8      5. Attached as **Exhibit A-3** is a true and correct copy of the July 27, 2018
9  decision of the Labor Department of the Industrial Commission of Arizona, which states
10 in part that "[b]ased on the Employer's collective bargaining agreement that was in effect
11 during the dates in question, the Department finds that the Employer is not in violation of
12 A.R.S. § 23-364 and A.R.S. § 23-374(C).

13 **I declare under penalty of perjury under the laws of the United States of**
14 **America that the foregoing is true and correct.**

15     Executed on October __, 2019 in San Diego, California.

                                                         Diane F. Schwantes

1  Shumway. By agreement of AT&T and the Communications Workers of America
2  ("CWA"), the 2013 CBA applied in 2017 while AT&T and the CBA were negotiating a
3  new collective bargaining agreement.
4      4.   Attached as **Exhibit A-2** is a true and correct copy of the 2017 collective
5  bargaining agreement ("2017 CBA"), which is the successor collective bargaining
6  agreement to the 2013 CBA. The effective dates of the 2017 CBA are February 12, 2017
7  through February 12, 2021.
8      5.   Attached as **Exhibit A-3** is a true and correct copy of the July 27, 2018
9  decision of the Labor Department of the Industrial Commission of Arizona, which states
10 in part that "[b]ased on the Employer's collective bargaining agreement that was in effect
11 during the dates in question, the Department finds that the Employer is not in violation of
12 A.R.S. § 23-364 and A.R.S. § 23-374(C)."
13     **I declare under penalty of perjury under the laws of the United States of**
14 **America that the foregoing is true and correct.**
15     Executed on October 14, 2019 in San Diego, California.

*/s/ Diane F. Schwantes*
Diane F. Schwantes

**EXHIBIT A**